## Tabachnick v. Bloom et al.

*Equity — Promissory note — Injunction to restrain negotiation — Assignment—Confidential relations.*

Defendants, who were alleged by plaintiff to have obtained from him unlawfully a promissory note, were restrained from negotiating the note and ordered to return it, after plaintiff failed to obtain possession of it by replevin and a charge of larceny.

In equity. C. P. Allegheny Co., Jan. T., 1922, No. 1901.

*Duff, Marshall & Davis,* for plaintiff; *M. B. Lesher,* for defendants.

SHAFER, P. J.—The bill is for an injunction to restrain the negotiation of a promissory note and to have the assignment alleged to be made thereof canceled and the note returned to the plaintiff.

### Findings of fact.

1. The plaintiff is a Russian, who has lived in Pittsburgh for some years, and is about sixty-five years of age and lives with his second wife, to whom he has been married for about a year. The defendant, Philip Bloom, is the son-in-law of the plaintiff and has lived in Pittsburgh for some years.

2. The plaintiff had in his possession a note for $2000, made to him by one B. Linder, payable in January, 1923, with interest at 6 per cent., and had no other property.

3. In April, 1921, the plaintiff became ill and, after remaining at his house for some time in bed, was taken to the Montefiore Hospital. His son-in-law, Philip Bloom, remained with the plaintiff in his home one or more nights while he was sick, and had access to the pockets of the plaintiff's clothing at that time.

4. Sometime thereafter Philip Bloom presented the note, with what he claimed to be an assignment by the plaintiff on the back of it, to Linder, and demanded payment of the interest thereon, and Linder then informed the plaintiff of this fact, and he thereupon demanded the note of Bloom, which Bloom refused to surrender.

5. A charge of larceny was made against Bloom by or on the part of the plaintiff, and also a writ of replevin was issued by the plaintiff to recover the note, and the sheriff was unable to get possession of it.

6. The note was endorsed by Bloom to the other defendant, A. L. Cramer, Esq., a member of the bar, who took it for fees in connection with these cases, knowing, however, at the time he took it, of the claim of plaintiff that Bloom did not have title to the note.

7. Bloom's account of the manner in which the note came into his possession is that the plaintiff gave him the note in consideration of the care he had taken of the plaintiff some eight or ten years before in Paris, it appearing that the defendant Bloom and his wife had lived in Paris at that time and that the plaintiff had lived with them there about nine months. The defendant then says that he showed the note to his employer, and that his employer told him it ought to be assigned, and wrote or had written for him an assignment on the back of it, and that he then took the note to the plaintiff, and the plaintiff thereupon signed the assignment and redelivered the note to him.

8. The plaintiff denies that he ever gave the note to the defendant, Bloom, or had any intention of doing so, or any reason to do so, or that he ever signed the assignment on the back of the note. The plaintiff cannot speak English and cannot write except in Yiddish, but has learned to trace the

3 D. & C.

English letters which compose his name, without knowing what they are, by imitating a signature which he carries with him in his pocket.

9. We find the fact to be that the plaintiff did not give the note to the defendant, Bloom, and did not sign the written assignment on the back of it, but that the note came into Bloom's possession some other way.

### Conclusions of law.

1. Under the circumstances of this cause, even if the defendant's account of the assignment of the note to him were true, we should be of opinion that the plaintiff was entitled to relief, having, in sickness and without advice, made over to one who stood in a confidential relation to him all his property without any reservations whatever.

2. Having found, however, that he did not make over the note to him at all, it follows that the plaintiff is entitled to the relief prayed for, which is an injunction against the negotiation of the note and an order for its return.

3. The defendant, A. L. Cramer, Esq., having taken the note with knowledge of the claims of the plaintiff in regard to it, is in no better position than the defendant, Bloom. The plaintiff is, therefore, entitled to a decree enjoining the defendants from negotiating the note and requiring them to deliver up the same to the plaintiff, and that the defendants pay the costs.

From Edwin L. Mattern, Pittsburgh, Pa.